# REPORTERS COMMITTEE
## FOR FREEDOM OF THE PRESS

1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300 • www.rcfp.org

Bruce D. Brown, Executive Director
bbrown@rcfp.org • (202) 795-9301

**STEERING COMMITTEE CHAIR**
STEPHEN J. ADLER

**STEERING COMMITTEE MEMBERS**
WOLF BLITZER
*CNN*
DAVID BOARDMAN
*Temple University*
THEODORE J. BOUTROUS, JR.
*Gibson, Dunn & Crutcher LLP*
MASSIMO CALABRESI
*Time Magazine*
LYNETTE CLEMETSON
*University of Michigan*
MANNY GARCIA
*Austin American-Statesman*
EMILIO GARCIA-RUIZ
*San Francisco Chronicle*
JOSH GERSTEIN
*POLITICO*
ALEX GIBNEY
*Jigsaw Productions*
SUSAN GOLDBERG
*GBH*
GAIL GOVE
*NBCUniversal*
JAMES GRIMALDI
*The Wall Street Journal*
LAURA HANDMAN
*Davis Wright Tremaine*
DIEGO IBARGÜEN
*Hearst*
JEREMY JOJOLA
*9NEWS Colorado*
KAREN KAISER
*Associated Press*
KIMBRIELL KELLY
*The Los Angeles Times*
DAVID LAUTER
*The Los Angeles Times*
MARGARET LOW
*WBUR*
COLLEEN MCCAIN NELSON
*The McClatchy Company*
MAGGIE MULVIHILL
*Boston University*
JAMES NEFF
*The Philadelphia Inquirer*
NORMAN PEARLSTINE
THOMAS C. RUBIN
*Stanford Law School*
BRUCE W. SANFORD
*BakerHostetler, retired*
CHARLIE SAVAGE
*The New York Times*
JENNIFER SONDAG
*Bloomberg News*
NABIHA SYED
*The Markup*
ADAM SYMSON
*The E.W. Scripps Company*
PIERRE THOMAS
*ABC News*
MATT THOMPSON
*The New York Times*
VICKIE WALTON-JAMES
*NPR*
SUSAN ZIRINSKY
*CBS News*

**HONORARY LEADERSHIP COUNCIL**
J. SCOTT APPLEWHITE, *Associated Press*
CHIP BOK, *Creators Syndicate*
DAHLIA LITHWICK, *Slate*
TONY MAURO, *American Lawyer Media, retired*
JANE MAYER, *The New Yorker*
ANDREA MITCHELL, *NBC News*
CAROL ROSENBERG, *The New York Times*
PAUL STEIGER, *ProPublica*
SAUNDRA TORRY, *Freelance*
JUDY WOODRUFF, *The PBS NewsHour*

Affiliations appear only for purposes of identification.

<u>Submitted via ECF</u>                    December 5, 2022

Hon. Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning U.S. Courthouse
San Francisco, CA 94119-3939

Re:  *Forbes Media LLC et al. v. United States*, Nos. 21-16233 & 21-35612;
     <u>Citation of Supplemental Authority (Fed. R. App. P. 28(j), Cir. R. 28-6)</u>

Dear Ms. Dwyer:

   Petitioners-Appellants Forbes Media LLC and Mr. Thomas Brewster write to draw the Court's attention to the recent decision of the U.S. District Court for the Western District of Pennsylvania in *In re Application of Forbes Media LLC*, No. 21-mc-52, 2022 WL 17369017 (W.D. Pa. Dec. 2, 2022).  As discussed in the parties' briefs, that matter is one of four in which Petitioners-Appellants moved to unseal All Writs Act ("AWA") orders and related judicial records that—like the records at issue in these consolidated appeals—were referenced in an application for an AWA order in the U.S. District Court for the Southern District of California.  *See* Gov't Br. at 3 n.3.

   The district court concluded that AWA orders, AWA applications, and corresponding docket sheets are judicial records to which a strong common law presumption of access attaches.[1]  *In re Forbes Media LLC*, 2022 WL 17369017, at *4–6.  The court went on to find that "the Government's asserted law enforcement interests are not sufficient to overcome the common law presumption of access as it pertains to continued *wholesale* sealing of the documents."  *Id.* at 1.  The district court ordered only "limited redactions" for "information in the documents relating to the identity of the individual who is the subject of the [AWA] Order," *id.*, while requiring disclosure of the remainder, including discussion of "the legal authority that the Government invoked to support its Application . . ., what the third party's business is, and in general the type of assistance sought," *id.* at 8.

   The decision is relevant to the above-captioned matters, not only because it concerns the same issue and parties, but also because the ordered disclosures bear on this Court's analysis whether information that is "already publicly available" undercuts the Government's claimed need for secrecy.  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006).  The Government can no more justify wholesale sealing here than in the Western District of Pennsylvania or Eastern District of Virginia.

---

[1]     The court did not reach the First Amendment question.

Respectfully,

/s/ Katie Townsend
Katie Townsend
REPORTERS COMMITTEE FOR
 FREEDOM OF THE PRESS
1156 15th Street NW, Suite 1020
Washington, DC 20005
(202) 795-9300
ktownsend@rcfp.org

## CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with the requirements of Fed. R. App. P. 28(j) and Cir. R. 28-6 because the body of the letter contains 339 words as calculated by the word-count feature of Microsoft Word.

/s/ Katie Townsend
Katie Townsend
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. N.W., Suite 1020
Washington, DC 20005
(202) 795-9300
ktownsend@rcfp.org


## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I caused the foregoing letter to be served upon all filing users through the Court's CM/ECF system. Electronic service will be effected by the Court's CM/ECF system.

/s/ Katie Townsend
Katie Townsend
REPORTERS COMMITTEE FOR
  FREEDOM OF THE PRESS
1156 15th St. N.W., Suite 1020
Washington, DC 20005
(202) 795-9300
ktownsend@rcfp.org

ATTACHMENT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ) | |
| ) | |
| ) | 21-mc-52 |
| IN RE APPLICATION OF FORBES ) | |
| MEDIA LLC AND THOMAS BREWSTER ) | Chief Judge Mark R. Hornak |
| TO UNSEAL COURT RECORDS ) | |
| ) | |
| ) | |
| ) | |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

Pending before the Court are two motions: (1) Petitioner's Motion to Unseal Court Records (ECF No. 1) and (2) Petitioner's Motion to Unseal Document (ECF No. 20), the subject of which is the Government's Response in Opposition to Petitioner's Motion to Unseal Court Records (ECF No. 16[1]). The records sought by Petitioners relate to a 2015 sealed miscellaneous case at 15-mc-880 in this Court involving the All Writs Act ("AWA")—they include the Government's Application seeking third-party assistance in the execution of an arrest warrant, the resulting Order of this Court, and the docket in that sealed case.

Petitioners argue that they have a right to access the documents in question under both the common law and the First Amendment right of access. Both Motions are opposed by the Government, which argues in response that neither the common law nor First Amendment right of access applies to the documents in question and that—even if this Court were to conclude that either or both of those presumptions of access did apply—compelling law enforcement interests demand the continued wholesale sealing of the documents.

---

[1] A redacted version of such Response is filed on the docket at ECF No. 12.

1

For the reasons stated below, the Court concludes that the documents in question are covered by the common law right of access.[2] The Court further concludes that—under the circumstances of this particular case—the Government's asserted law enforcement interests are not sufficient to overcome the common law presumption of access as it pertains to continued *wholesale* sealing of the documents. The Court does conclude, however, that information in the documents relating to the identity of the individual who is the subject of the All Writs Act Order implicates sufficient law enforcement interests to justify limited redactions.

Petitioner's Motion to Unseal Records (ECF No. 1) is therefore GRANTED to the extent that the Court will unseal a version of the documents in which only such identifying information has been redacted.[3] Because the Court concludes that no such identifying information is present in the Government's Response to Petitioner's Motion to Unseal Records (ECF No. 16), Petitioner's Motion to Unseal Document (ECF No. 20) is GRANTED to the extent that the Court will unseal a version of the Response in which only the bar number of counsel for the Government who signed the Response is redacted.

## I.      **BACKGROUND**

In early 2020, Petitioner obtained a copy of an AWA application which had been filed by the Government in a case in the Southern District of California. (ECF No. 1, at 4.) That application, which was inadvertently and temporarily unsealed in February of 2020, sought an order requiring

---

[2] Because the Court concludes that the documents are covered by the common law right of access, the Court does not proceed to address the question of whether the First Amendment right of access applies to the disposition of the pending Motions.

[3] The Court's accompanying Order provides that the Court will provide a version of the Application at 15-mc-880 that redacts the specific identifying information noted in this Opinion, to which the Government will have an opportunity to file objections before unsealing occurs. The Court's Order also directs the Government to provide periodic updates to the Court as to the status of the ongoing investigation and/or any eventual prosecution, as there may come a time in which the implicated law enforcement interests will be sufficiently diminished such that certain material may be unredacted.

Sabre, a large travel-technology company, to engage in "real time" monitoring of an individual who was the subject of a federal law enforcement investigation. (*See id.*) The application filed in the Southern District of California referenced other cases in which the Government had sought and received similar relief and cited to a docket in this Court at case number 15-mc-880. (*Id.* at 4–5.) Consequently, the basic nature of the proceeding at 15-mc-880 has already been made part of a public record, albeit in another federal judicial district.

Petitioner got wind of that disclosure in California and then filed an Application in this Court, along with an accompanying brief, requesting the unsealing of the following records in 15-mc-880: (1) the AWA order; (2) the Government's Application for the AWA Order and any supporting documents, including affidavits; and (3) any other court records relating to the AWA order, including, but not limited to, any motions to seal, the docket itself, and all docket entries. (ECF No. 1, at 1–2, 4.)

The United States filed a Motion for Leave to File its Response under Seal (ECF No. 11), which the Court granted (ECF No. 13). However, the parties later filed a joint Motion to Modify the Court's Order (ECF No. 14), and by joint consent of the Parties, the United States filed its Response <u>temporarily</u> *ex parte* and under seal along with a redacted version on the docket. (*See* ECF Nos. 12, 14, 16.) However, as part of the joint Motion to Modify, the Petitioner stated that it "do[es] not consent to, and will oppose, maintaining the Government's Response under seal and *ex parte* indefinitely" and signaled its intention to "ask the Court to address the propriety of continued sealing and *ex parte* filing of the Government's Response simultaneously with its resolution of the merits of the Application." (ECF No. 14, at 2.) Accordingly, the Petitioners filed a Motion to Unseal the Government's Response in Opposition to the Application to Unseal (ECF No. 20), and the United States filed a Response in Opposition (ECF No 22).

The Court held a sealed oral argument on both motions, and both motions are ripe for disposition.

## II.    **DISCUSSION**

The general presumption under the common law is that "the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). The common law right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Id.* (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988)). However, the common law right of access is "not absolute." *Littlejohn*, 851 F.3d at 678. "The presumption of access is just that, and thus may be rebutted." *Avandia*, 924 F.3d at 672 (quoting *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)) (internal marks omitted).

District courts deciding claims of a common law right of access to a judicial document must conduct a two-part analysis. First, the court must determine whether the right of access attaches to the documents in question. "Whether or not a document or record is subject to the right of access turns on whether that item is considered to be a 'judicial record.'" *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 722, 781 (3d Cir. 1994)). If the document is a judicial record, "a presumption of access attaches." *Avandia*, 924 F.3d at 672.

Second, if the presumption of access applies, the court must determine whether the party seeking to overcome the presumption has shown that the "interest in secrecy outweighs the presumption" of access. *Id.* (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assoc.*, 800 F.2d 339, 344 (3d Cir. 1986)). "Courts have uniformly held that the party seeking to have court documents restricted from public access has the burden of establishing that the

presumption of public records should be overcome, and that the burden is a heavy one." *Lipocine Inc. v. Clarus Therapeutics, Inc.*, No. 19-cv-622, 2020 WL 4569473, at *3 (D. Del. Aug. 7, 2020) (collecting cases). The opponent of access must show that the "material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking disclosure." *Avandia*, 924 F.3d at 672 (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)). The court must conduct a "document-by-document review" of the contents of the challenged documents, "careful[ly] factfinding and balancing [] competing interests" before determining whether "the strong presumption of openness can be overcome by the secrecy interests of private litigants. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993).

### A. <u>Motion to Unseal Court Records (ECF No.1)</u>

#### i. <u>Attachment of the presumption of the common law right of access</u>

As stated above, the common law presumption of access attaches when the documents at issue are judicial records. *Avandia*, 924 F.3d at 672. Generally, a judicial record is a document that "has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." *Id.* (quoting *In re Cendant Corp.*, 260 F.3d at 192). Whether a document has been filed with the court is "the most significant consideration" but it is not dispositive. *N. Jersey Media Grp. Inc. v. United States*, 836 F.3d 421, 434–35 (3d Cir. 2016). Instead, the test is "functional" and turns on whether the document has "adjudicatory significance"—that is whether it was filed as an "aid to the judge in rendering a decision or for some other judicial purpose." *Id.* at 435–36. In addition, documents that are not filed but that the court interprets or asks to be submitted to the court may be judicial records, while those that are

filed but are not "relevant to the performance of the judicial function" may not be judicial records. *See id.*; *In re Cendant Corp.*, 260 F.3d at 192.

The Third Circuit has determined that a wide range of documents are judicial records to which the common law presumption of access attaches. *See, e.g.*, *Westinghouse Elec. Corp.*, 949 F.2d at 662 (papers filed in connection with a motion for summary judgment); *Littlejohn*, 851 F.2d at 681–83 (trial transcripts and exhibits admitted at trial); *Bank of Am.*, 800 F.2d at 343 (settlement documents); *United States v. Smith*, 787 F.2d 111, 114–15 (3d Cir. 1986) (transcripts of sidebar or chambers conferences in criminal cases at which evidentiary or other substantive rulings have been made); *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (bill of particulars).

The primary exception in the Third Circuit relates to documents that are filed as part of discovery. *See, e.g.*, *United States v. Wecht*, 484 F.3d 194, 209 (3d Cir. 2007) ("[D]ocuments filed with the court are generally subject to the common law right of access, unless attached to a discovery motion."); *Leucadia*, 998 F.3d at 164 ("[H]olding that discovery motions and supporting materials are subject to a presumptive right of access would make raw discovery, ordinarily inaccessible to the public, accessible merely because it had to be included in motions precipitated by inadequate discovery responses or overly aggressive discovery demands."); *N. Jersey Media Grp.*, 836 F.3d at 435 (holding that a letter identifying unindicted conspirators fell within the holding of *Leucadia*, was properly categorized as pretrial discovery, rather than as a bill of particulars, and was therefore not a "judicial record").

The Third Circuit has not specifically determined whether All Writs Act materials like those sought by Petitioners are "judicial records." Looking beyond the Third Circuit, the cases that have addressed this issue are limited in number and mixed in results. In a parallel case that Petitioners brought in the Northern District of California, the court concluded that the AWA

materials sought fell outside the common law presumption because they belonged to a class of documents "traditionally kept secret," relying on Ninth Circuit precedent concerning grand jury transcripts, warrant materials during the pre-indictment phase of an investigation, and attorney-client privileged materials. *Forbes Media LLC v. United States*, 548 F. Supp. 3d 872, 879 (N.D. Cal 2021).[4] A court in the Western District of Washington reached a similar conclusion, reasoning that "the AWA materials at issue are all documents which have traditionally been kept secret for important policy reasons." *In re Forbes Media LLC*, No. 21-mc-0007, 2021 WL 3276712, at *2 (W.D. Wash. July 21, 2021).

However, an earlier case from the Northern District of California considered AWA materials relating to orders requiring third parties to provide technical assistance to law enforcement in conducting surveillance and concluded that, while the common law presumption of access applied, the presumption had been overcome by the administrative burden[5] required to identify and potentially redact the materials sought. *In re Petition of Jennifer Granick and Riana Pfefferkorn to Unseal Technical-Assistance Orders and Materials*, 388 F. Supp. 3d 1107, 1129–30 (N.D. Cal. 2019).

---

[4] The Third Circuit appears to have held similarly with respect to grand jury materials. *See United States v. Smith*, 123 F.3d 140, 156 (3d Cir. 1997) ("Unlike judicial records to which a presumption of access attaches when filed with a court, grand jury materials have historically been inaccessible to the press and the general public, and are therefore not judicial records in the same sense."). The Third Circuit has not, however, determined whether a similar rule applies to pre-indictment warrant materials, and other circuits differ from the Ninth Circuit, applying a case-by-case approach. *See United States v. Sealed Search Warrants*, 868 F.3d 385, 388 (5th Cir. 2017); *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989); *Warrant for Secretarial Area Outside Office of Thomas Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

[5] Notably, the request in *Granick* sought *all* such post-investigative AWA technical assistance materials filed in the district between 2006 and 2018, records which numbered in the thousands, were kept only in paper form, and were not easy to automatically locate. 388 F. Supp. 3d at 1117–23.

The Court concludes that, under the functional test that articulated by the Third Circuit, the AWA materials sought in this case are judicial materials to which the common law presumption of access attaches. The Court analyzes each item sought in turn as set forth below.

### a. **The AWA order**

The Order issued by this Court in 15-mc-880 is a quintessential judicial record. As the D.C. Circuit explained, "[t]here is no doubt that . . . court orders themselves are judicial records," because "[c]ourt decisions are the 'quintessential business of the public's institutions'" and "the issuance of public opinions is core to the transparency of the court's decisionmaking process." *Leopold v. United States*, 964 F.3d 1121, 1128 (D.C. Cir 2020) (holding that warrants issued pursuant to the Stored Communications Act; court orders issued pursuant to § 2703(d) of that act; and court orders issued pursuant to the Pen Register Act are judicial records to which the common law presumption of access applies) (citations omitted); *see also Hardy v. Equitable Life Assurance Soc'y*, 697 F. App'x 723, 725 (2d Cir. 2017) ("There is a long tradition of public access to court orders . . . they are judicial documents.") (citations omitted); *Bank of Am.*, 800 F.2d at 344 ("[T]he court's approval of a settlement or action on a motion are matters which the public has a right to know about and evaluate."); *Lipocine*, 2020 WL 4569473, at *3 (collecting cases and explaining that "the courts have made clear that the interest in ensuring that judicial records remain open to the public applies with special force to judicial opinions").

More specifically, there can be little question that under the Third Circuit's functional test, the Order in 15-mc-880 is a judicial record to which the presumption of access applies. As set forth above, the Third Circuit's test turns on whether the judicial document at issue is of "adjudicatory significance" or has been "somehow incorporated or integrated into a district court's adjudicatory

proceedings." *N. Jersey Media Grp.*, 836 F.3d at 434, 436; *see also In re Cendant Corp.*, 260 F.3d at 192.

The AWA order issued in 15-mc-880 indisputably has adjudicatory significance: it is the very mechanism of this Court's action and the means by which the Department of Justice compelled a private company to assist in its law enforcement efforts. Though there may be persuasive reasons in a particular case to find that the presumption of access has been *overcome*, that is the secondary question on this point that is now before the Court. The primary question is the categorization of the Order, and it strikes the Court as strained to suggest that an AWA order is not a judicial record, and that therefore no presumption of access applies in the first place.

### b. <u>The Government's application for the AWA order and supporting documents</u>

The AWA application[6] filed in 15-mc-880 is also a judicial record to which the presumption of the common law presumption of access attaches. Petitioners contend, and the United States does not dispute, that the Government filed the application at issue with the aim of securing an order that would require a third party to assist the government in ongoing law enforcement efforts. Thus, the point of filing the application was to accomplish a "judicial purpose," *see North Jersey Media Grp.* 836 F.3d at 436, which strongly suggests that the application, like any motion filed with the court, is a judicial record to which the common law presumption of access attaches. *See Leucadia*, 98 F.2d at 164 ("[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith."). The application, and any supporting material, have

---

[6] The Government did not file any supporting documents along with the Application in this case. Therefore, although the Petitioners have requested the unsealing of "the government's application for the AWA Order and any supporting documents including affidavits," (ECF No. 1, at 1), the Court refers here only to the Application.

"adjudicatory significance" because they were filed with this Court to aid it "in rendering a decision." *N. Jersey Media Grp.* 836 F.3d at 436.

The Government argues that an AWA application seeking third-party assistance in the execution of an arrest warrant is "not part of an adjudicatory proceeding as contemplated by the Third Circuit." (*See* ECF No. 12, at 13.) Instead, the Government argues, such materials are "akin to search warrant applications, [18 U.S.C.] § 2703(d) applications, pen-trap applications, and wiretap applications." *Id.* The Government cites no authority for the proposition that AWA applications are "like" the above-referenced applications, nor does it provide any reasoning to support the analogy or cite to authority defining "adjudicatory proceeding" as it proposes. (*See id.*, at 13–14.)

Beyond that, the Government's analogy arguably runs together and conflates the two prongs of the common law right of access test: first, whether the documents are judicial records and second, whether there is some overriding reason that would justify keeping those records from public view either temporarily or indefinitely. *See In re Application of United States for Order Authorizing Interception of Wire Communication*, 729 F. App'x 204, 205 (3d Cir. 2018) (holding that the "right of access to court documents does not entitle [petitioner] to relief *in light of the specific statutory provisions of Title III*," which require a showing of "good cause for the release of [] wiretap documents") (emphasis added); *Baltimore Sun Co.*, 886 F.2d at 63–65 (holding that search warrant affidavits are judicial records but committing disclosure decision to the "sound discretion" of the judicial officer who issued the warrant to determine whether "the circumstances [] justify secrecy").

In any event, the Government's argument is unavailing because AWA proceedings are adjudicatory in nature. Before an AWA order can issue, due process requires notice and a hearing

at which the party to be compelled can litigate objections. *See In re Application for a Pen Register or Touch–Tone Decoder & Terminating Trap*, 610 F.2d 1148, 1157 (3d Cir. 1979) (holding that a district court must hold a hearing before issuing an AWA order compelling telephone companies to assist the Government in tracing phone calls); *see also In re Oliver*, 682 F.2d 443, 444–46 (3d Cir. 1982) (vacating a district court order, issued *sua sponte* under the All Writs Act, prohibiting a pro se litigant from filing complaints because the litigant "should have been provided with an opportunity to oppose the court's order before it was instituted"); *United States v. Mountain States Tel. & Tel. Co.*, 616 F.2d 1122, 1132–33 (9th Cir. 1980) ([A] telephone company whose cooperation in electronic surveillance is sought should be afforded reasonable notice and an opportunity to be heard prior to the entry of an order compelling its assistance."). Thus, the AWA application is a judicial record to which the common law presumption of access attaches.

### c. Related court records, including motions to seal, the docket, and all docket entries

Finally, the court docket records at issue here, including the docket and all docket entries,[7] are judicial records to which the common law presumption of access attaches.

As to the docket itself, The Third Circuit has explained that "[t]he case dockets maintained by the clerk of the district court are public records." *United States v. Criden*, 675 F.2d 550, 559 (3d Cir. 1982). Dockets are "relevant to the performance of the judicial function and useful in the judicial process." *N. Jersey Media Grp.*, 836 F.3d at 435. Dockets memorialize matters of adjudicatory significance and provide an index to judicial proceedings and documents—"[i]t would make little sense to provide public access to court documents but not to the indices that

---

[7] The sealed docket in 15-mc-880 does not contain any motions to seal. The Government's papers in that case, and the docket itself, were nonetheless docketed as "sealed" from the start. Although the Petitioners have requested the unsealing of "any other court records relating to the AWA order, including but not limited to, any motions to seal, the docket . . . , and all docket entries," (ECF NO. 1, at 1–2), the Court refers here only the docket and all docket entries at 15-mc-880.

record them and thus make them accessible." *Leopold*, 964 F.3d at 1129. Thus, the case docket in

15-mc-880 is a judicial record to which the common law presumption of access attaches.

Neither party cites, nor has the court found, any case in which the Third Circuit has

determined whether docket *entries* are judicial records for common law right of access purposes.

However, the Third Circuit has repeatedly held that docket entries are the sorts of "reliable judicial

records" upon which courts can rely to establish past convictions for sentencing purposes. *United

States v. Howard*, 599 F.3d 269, 273 (3d Cir. 2010); *see also United States v. Henderson*, 841 F.3d

623, 632 (3d Cir. 2016) ("[D]ocket entries . . . are 'records of the convicting court.'") (quoting *id.*

at 272–73). Just like the docket sheets, docket entries memorialize matters of adjudicatory

significance and provide both the litigants and the public with a roadmap to judicial proceedings.

Moreover, it would make little sense to hold that the public has a right to access docket sheets but

not the entries that comprise those sheets, and vice versa. Therefore, the docket entries in 15-mc-

880 are also judicial records to which the common law presumption of access applies.

### ii.   <u>Whether the presumption of access has been overcome</u>

As described above, once the common law presumption of access attaches, the burden

shifts to the party seeking to maintain the secrecy of the judicial records at issue to show that the

"interest in secrecy outweighs the presumption" of access. *Avandia*, 924 F.3d at 672. The

presumption of access is "strong" and the analysis "begin with a thumb on the scale in favor of

openness." *Id.* at 676. The party seeking to maintain the sealing of a judicial record must show that

"the material is the kind of information that courts will protect" and that "disclosure will work a

clearly defined and serious injury to the party seeking closure." *In re Cendant Corp*, 260 F.3d at

194. Generalized allegations of harm, "bereft of specific examples or articulated reasoning," are

12

insufficient, and the Court must conduct a "document-by-document review" of the challenged documents' contents. *Avandia*, 924 F.3d at 673 (citing *id.* at 194; *Leucadia*, 998 F.2d at 165).

If the district court finds the presumption of access to be rebutted in a particular case, it "must articulate 'the compelling, countervailing interests to be protected,' [and must] make 'specific findings on the record concerning the effects of disclosure" as well as the injury to be prevented. *Id.* at 672–73 (quoting *In re Cendant Corp.*, 260 F.3d at 194).

Here, the Government has argued that, even if the Court finds that the presumption of access applies to the AWA materials in this case, the presumption of access is rebutted for two reasons. First, the Government argues that unsealing the materials in this case could "jeopardize ongoing efforts to investigate and prosecute the underlying crimes," for example by alerting the individual subject to the order "of information known to the government" and by "revealing steps that the government and others might take to effectuate such an arrest." (ECF No. 12, at 10.) Revealing such information could "prompt the subject or his associates to take steps to further conceal themselves from law enforcement" and enable them to "evade responsibility for their crimes." (*Id.*)

Second, the Government argues that it has a more general interest in protecting its "sources and methods of gathering information" and that revealing its sources and methods "could give wrongdoers a roadmap for thwarting future efforts to use similar techniques to investigate crime and effectuate arrest warrants." (*Id.*, at 10–11.) The Court treats each of the Government's arguments in turn.

### a. <u>The Government's interest in protecting ongoing criminal investigations</u>

Although the AWA order in this case was issued in 2015 and was by its terms in effect until 2017, the Government stressed at oral argument that the arrest warrant underlying the AWA

application and Order has yet to be executed and that the investigation into the subject of the warrant is ongoing. No contrary information has been provided to the Court by the Government in the intervening time interval. On the Government's view, the fact that the at-issue investigation is ongoing is "critical" and "requires continued sealing in this case." (ECF No. 31, at 2.)

The need to protect ongoing law enforcement activities has been found to be sufficiently weighty to rebut the presumption of a common law right of access to judicial materials. *See, e.g.*, *United States v. Thomas*, 905 F.3d 276, 283 (3d Cir. 2018). And this makes good sense. If the public had a right to access every arrest warrant or surveillance order that a court issued and which remains unexecuted, the Government would lose the element of surprise in its investigations and efforts to apprehend those violating the law, and law enforcement efforts would doubtless be hindered.

However, the presumption of access is not automatically and broadly outweighed when a judicial document contains some sensitive information that merits protection under the common law. Courts routinely require the party seeking sealing to show that such sensitive information cannot be protected via redaction before ordering wholesale sealing. *See, e.g.*, *Davis v. Elwyn*, No. 20-cv-5798, 2021 WL 4902333, at *3–9 (E.D. Pa. Oct. 20, 2021) (considering defendant's motion to seal in bulk four categories of documents and concluding that some would remain sealed *in toto* while redacted versions of others must be released under the common law right of access); *United States v. McPartland*, No. 17-cr-587, 2021 WL 722496, at *1–9 (E.D.N.Y. Feb. 23, 2021) (concluding that, as to some documents sought by a third party, wholesale unsealing was required by the common law presumption of access, but as to others, redacted versions would be unsealed).

In *United States v. Thomas*, the Third Circuit held that the presumption of access to a plea document was rebutted when the sealed information implicated law enforcement activities

involving national security and where disclosure would threaten the safety of certain individuals. 905 F.3d at 283–84. However, crucially, the Third Circuit noted that "redacting only a portion of the document . . . would not sufficiently protect [the Government's] interest in confidentiality of sensitive information and individuals' safety." *Id.* at 283. Thus, it is not enough for the Government to plausibly assert that the documents in question contain sensitive information about an ongoing investigation; the Government must also show that specific sensitive information cannot be protected via redactions.

Requiring the opponent of access to show that partial redaction is inadequately protective of the articulated interest at issue is a natural extension of the balancing exercise that district courts must engage in when determining whether the common law presumption of access has been outweighed by some competing interest. There is a thumb on the scale in favor of access, *Avandia*, 924 F.3d at 676, and it is only when it is not reasonably possible to serve the competing interest *while also* respecting the public's right of access—for example, here, by redacting identifying information while releasing non-identifying information—that the presumption of public access is overcome and wholesale, continued sealing is lawful.

The Government contends that this is such a case. At oral argument, counsel for the United States stated that: "If we were to redact the material that we viewed as needing" to remain "confidential, I'm not sure what there would be left." The Court is not convinced.

At oral argument, counsel for Petitioner characterized this as "a case about redaction"—in other words, this is a not about wholesale sealing or unsealing, but about which portions of the AWA materials can be unsealed without compromising the ongoing investigation and which portions cannot. The Court agrees, particularly since, as noted above and below, there has already been public disclosure of similar investigative activity in the Southern District of California and

the Eastern District of Virginia, and about the situation in this District via disclosure already made in the Southern District of California.

Though the Government will have the opportunity to weigh in on specific redactions to the AWA Application and Order, the Court notes that, at first glance, the Application contains the following identifying information: the name of the target, the target's aliases, the target's street address, and the target's phone number.[8] The application also provides a narrative account of the grand jury investigation into the target, the circumstances of the crimes alleged, and the factual reason the Government sought the particular AWA relief for which it applied. Much, if not most, of this information could be construed as posing a threat to the ongoing investigation if it were publicly available.

However, the Application also contains information that could not plausibly be used to identify any particular individual as a target of law enforcement efforts, or the specifics of those investigative activities. For instance, the Application discusses the legal authority that the Government invoked to support its Application as to assistance from a third party, what the third party's business is, and in general the type of assistance sought. The Order is along similar lines and contains no identifying information over and above that which is contained in the Application.

Thus, the Government's interest in maintaining the secrecy of ongoing law enforcement efforts alone cannot support continued sealing of this matter on a wholesale basis, but does support specific redactions identifying the subject of an ongoing investigation and which could disclose the specific factual basis for the investigation involved here.

---

[8] The Order lists certain other information about the target as "unknown."

### b.  The Government's interest in protecting its "sources and methods"

The Government's second argument in favor of continued, wholesale sealing of the AWA materials is that it "has a substantial interest in protecting sensitive sources and methods of gathering information." (ECF No. 12, at 10 (quoting *United States v. Smith*, 780 F.2d 1102, 1108 (4th Cir. 1985) (en banc)).) The Government argues that "granting the public access to such sources and methods could give wrongdoers a roadmap for thwarting future efforts to use similar techniques to investigate and effectuate arrest warrants." (*Id.* at 10–11.) Because the Petitioners seek disclosure of the Government's "techniques for and method of gathering information," the Government argues that "redactions are not a feasible solution."  (*Id.* at 11 n.2.)

This argument is unpersuasive because there has been no showing in the record—including in sealed filings, the substance of which is visible only to the Court—that the sources and methods at issue here are any different or more sensitive than the sources and methods at issue in AWA materials that have already been publicly released *with the Government's consent*.

Earlier this year, Petitioners in this case filed a motion in the Eastern District of Virginia for the release of AWA materials that were, like the materials in 15-mc-880, referenced in the order that was briefly and accidentally unsealed in the Southern District of California. *See* EVF No. 32, at 1–2; *see also United States v. Burkov*, No. 15-cr-245 (E.D. Va. May 3, 2022) (ECF Nos. 70, 71).

 In *Burkov*, the Government "d[id] not object to the unsealing of, among other things, three documents relating to AWA orders that had issued in . . . now-concluded proceedings." (ECF No. 31, at 1–2.) The Government stresses that *Burkov* is different from this case because the target in *Burkov* "ha[s] been apprehended, the investigation concluded, and the criminal proceedings closed." (*Id.* at 2.) However, the Government does not explain why it did not object to the public

17

release of information regarding its "sources and methods" in *Burkov*, nor did it generate or support any relevant distinctions between *Burkov* and this case, beyond the fact that the investigation in *Burkov* was complete while this one is ongoing.[9] In its Response in Opposition to Petitioner's Application (ECF No. 12), the Government cites to case law suggesting that even when information has been publicly released from one source, it can lawfully be kept secret when unsealing the materials from the second source "would reveal 'significantly more information' implicating compelling governmental interests." (ECF No. 12, at 11 (quoting *Dhiab v. Trump*, 852 F.3d 1087, 1096 (D.C. Cir. 2017)).) However, even in the sealed versions of filings visible in their entirety only to the Court, the Government has failed to explain exactly why the AWA materials in 15-mc-880 reveal significantly more information regarding the Government's sources and methods than were divulged in *Burkov*. Given this lack of explanation, it is difficult to conclude that the "strong presumption of openness" as to such matters could be overcome here.

Thus, the presumption of access has not been overcome *in a general sense* as to the AWA Application and Order from 15-mc-880, but for the reasons noted above, the presumption of access has been rebutted as to the information that could be used to identify the particular target of the investigation at issue in 15-mc-880, along with the particulars of the involved investigation as to that target. Because the docket and docket entries in 15-mc-880 contains no identifying information and nothing that could possibly reveal any of the government's sources or methods, those items will be unsealed in full.

---

[9] As noted above, issues relative to the status of the investigation can be addressed by the redaction of the specific matters that would identify the target of the investigation, and any actions that are specific to it.

B. **Motion to Unseal Government's Response in Opposition to the Application to Unseal (ECF No. 20)**

As part of the briefing on the Petitioners' Motion to Unseal Court Records (ECF No. 1), the Government filed a Motion for Leave to File its Response Under Seal (ECF No. 11), followed by a redacted version of its Response on the public docket (ECF No. 12). Though the Court granted the Government's Motion for Leave to File its Response under seal (ECF No. 13), the Parties later filed a joint Motion to Modify the Court's Order (ECF No. 14), in part because the Petitioners, as members of the media, did not wish to be bound by the language in the Court's Order "prohibit[ing]" Petitioners "from disclosing, publicizing, disseminating, distributing, and/or sharing any information that is under seal in this matter without leave from the Court." (*See id.*) Therefore, by joint consent of the Parties and with approval of the Court (ECF No. 15), the Government filed its (unredacted) Response in Opposition (ECF No. 16) *ex parte* and under seal.

However, as part of the Parties' joint Motion to Modify the Court's initial order permitting the Government to file its Response under seal, Petitioners stated that they "do not consent to, and will oppose, maintaining the Government's Response under seal and *ex parte* indefinitely." (ECF No. 14, at 2.) Accordingly, Petitioners filed a Motion to Unseal the Government's Response (ECF No. 20), asking the Court to address the propriety of continued sealing of the Government's Response simultaneously with its resolution of the merits of the original Application.

Both Parties agree that the merits analysis of the Motion to Unseal the Government's Response in this case is essentially the same as the merits analysis of the Motion to Unseal the AWA Materials in 15-mc-880. (*See* ECF No. 20, at 3 (Petitioners "move to unseal the Government's Response for the same substantive reasons and on the same grounds" as those advanced to support the motion to unseal the AWA materials in 15-mc-880); ECF No. 22, at 2 (the Government "opposes the Applicants' Motion [to unseal its Response] for the same reasons and

19

on the same grounds" as those set forth in the Response with regard to the AWA materials at issue in 15-mc-880.) Because the initial Motion (to unseal the AWA Materials in 15-mc-880) is resolved substantially in favor of the Petitioners, so too will the Motion to Unseal the Government's Response in this case—on the same grounds, for the same reasons, and to the same extent.

As set forth above, the general rule in the Third Circuit is that *all* pretrial motions, save for those involving discovery, are judicial materials to which the presumption of access applies. *See Leucadia*, 998 F.2d at 164. Though the Government's Response in this case contains some general information about the sources and methods of investigation at issue in 15-mc-880, it contains no information about those sources and methods beyond what is contained in the AWA materials themselves. Moreover, the Government's Response contains no information whatsoever that could be used to identify the particular target of law enforcement interest at issue in 15-mc-880. Therefore, the Petitioner's Motion to Unseal the Government's Response (ECF No. 20) is GRANTED, subject the same level and scope of redaction as is applicable to the Application under the analysis of this Opinion.

## III.  <u>CONCLUSION</u>

For the reasons and on the terms set forth above, the Petitioner's Motion to Unseal Records (ECF No. 1) is therefore GRANTED to the extent that the Court will provide counsel for the Government with the Court's proposed, redacted versions of the AWA Application and Order in 15-mc-880. Counsel for the Government will have seven (7) days to file objections under seal without the need for redaction. After the Court rules on any objections, the relief ordered will be stayed for fourteen (14) days to provide the Government with adequate time to seek a stay either in this Court or with the Court of Appeals, should it choose to do so. After the Application and

Order are unsealed in redacted form, the Government shall provide notice to the Court under seal, without the need for redaction, in 21-mc-52, no less than every 90 days as to the status of the criminal investigation that underlies the Application and Order and/or any eventual prosecution so the Court can determine whether continued, partial sealing is justified.

Because the Court concludes that no such identifying information is present in the docket or docket entries in 15-mc-880, those items will be unsealed in full.

As to the Petitioner's Motion to Unseal Document (ECF No. 20), the Court similarly concludes that no identifying information is present in the underlying document—i.e. the Government's Response to Petitioner's Motion to Unseal Records (ECF No.16). Thus, Petitioner's Motion to Unseal Document (ECF No. 20) is GRANTED to the extent that the Court will unseal a version of the Response (ECF No. 16) in which only the bar number of counsel for the Government who signed the Response is redacted. All unsealing as set out in the Court's Order will be stayed for a period of fourteen (14) days to permit the Government to seek a stay or other similar relief as supported by applicable law.

An appropriate Order will issue.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated:  December 2, 2022